Filed 2/18/16  P. v. Pierce CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>AARON JAMES PIERCE,<br><br> Defendant and Appellant. | 2d Crim. No. B265027<br>(Super. Ct. No. 2015000431)<br>(Ventura County) |

Aaron James Pierce appeals from the judgment entered after a jury convicted him of attempted second degree commercial burglary (Pen. Code, §§ 664/459)[1] with nine prior prison term enhancements (§ 667.5, subd. (b)).  The trial court struck two prior prison enhancements   and sentenced appellant to eight years six months felony jail (§1170, subd. (h)(5)), of which one year was suspended.  Appellant was ordered to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 probation revocation fine (§ 1202.44), a $300 public defender fee, a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov Code, § 70373).

The evidence shows that appellant and Angela Tropeano attempted to break into the Family Optometric Group store in Oxnard with a crowbar.  The break in was filmed by a security camera and reviewed by the store owner who spotted appellant near

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

the store.  An Oxnard police officer detained appellant and Tropeano a quarter mile from the store.  In a *Miranda* interview (*Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694]), appellant claimed that he was cold and looking for a place to sleep.  Evidence was received that appellant had a 2009 conviction for attempted burglary and a 2011 burglary conviction involving the use of a crowbar.  (Evid. Code, § 1101, subd. (b).)

We appointed counsel to represent appellant in this appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.

On December 8, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On January 26, 2016, appellant submitted a supplemental brief stating, among other things, that he has prior drug and theft convictions in Ventura, Santa Barbara, Los Angeles, and San Bernardino counties that may be eligible for Proposition 47 relief (§ 1170.18.)  At the sentencing hearing, appellant presented no evidence that any of the prior convictions used as sentence enhancements qualified for Proposition 47 relief.  (§ 1170.18, subds. (a)- (b); see e.g., *People v. Gonzalez* (2015) 242 Cal.App.4th 35, 41-42; *People v. Peacock* (2015) 242 Cal.App.4th 708, 712.)

We have examined the entire record and are satisfied that appellant's appointed counsel has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende* (1979) 25 Cal.3d 436.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

2

Teresa Mullaney, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.